UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
BRENDAN A. HURSON
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-0782
MDD_BAHChambers@mdd.uscourts.gov

August 19, 2022

LETTER TO ALL COUNSEL OF RECORD

Re:  *Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
     Civil No. 21-2014-BAH

Dear Counsel:

On August 9, 2021, Casey S. ("Plaintiff" or "Claimant") petitioned this Court to review the Social Security Administration's ("SSA" or "Commissioner" or "Defendant") final decision to deny Plaintiff's claim for Social Security benefits. ECF 1. This case was then referred to me with the parties' consent. *See* 28 U.S.C. § 636; Loc. R. 301 (D. Md. 2021). I have considered the record in this case, the parties' cross-motions for summary judgment, and Plaintiff's reply. ECF 9, 13, 16, 17. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2021). This Court must uphold the decision of the SSA if it supported by substantial evidence and if the SSA employed proper legal standards. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will DENY Plaintiff's motion, GRANT Defendant's motion, and AFFIRM the Commissioner's decision. This letter explains why.

## I.  PROCEDURAL BACKGROUND

Plaintiff filed a Title XVI application for Supplemental Security Income ("SSI") benefits on August 19, 2019, alleging a disability onset of June 30, 2018. Tr. 175–77. Plaintiff's claim was denied initially and on reconsideration. Tr. 104–07, 111–12. On January 11, 2021, an Administrative Law Judge ("ALJ") held a hearing. Tr. 32–53. Following the hearing, on January 26, 2021, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act[1] during the relevant time frame. Tr. 12–31. The Appeals Council denied Plaintiff's request for review, Tr. 1–6, so the ALJ's decision constitutes the final, reviewable decision of the SSA. *Sims v. Apfel*, 530 U.S. 103, 106-07 (2000); *see also* 20 C.F.R. § 422.210(a).

## II.  THE ALJ'S DECISION

Under the Social Security Act, disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a

---

[1] 42 U.S.C. §§ 301 et seq.

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 2

continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 416.905(a). The ALJ is required to evaluate a claimant's disability determination using a five-step sequential evaluation process used to evaluate a claimant's disability determination. *See* 20 C.F.R. § 416.920. "Under this process, an ALJ evaluates, in sequence, whether the claimant: '(1) worked during the alleged period of disability; (2) had a severe impairment; (3) had an impairment that met or equaled the requirements of a listed impairment; (4) could return to her past relevant work; and (5) if not, could perform any other work in the national economy.'" *Kiser v. Saul*, 821 F. App'x 211, 212 (4th Cir. 2020) (quoting *Hancock v. Astrue*, 667 F.3d 470, 472 (4th Cir. 2012)) (citation omitted).

Here, at step one, the ALJ determined that Plaintiff "has not engaged in substantial gainful activity since August 19, 2019, the application date."[2] Tr. 18. At step two, the ALJ found that Plaintiff suffered from the severe impairments of "congenital talipes equinovarus left foot (clubfoot) deformity; status post four to five left foot surgeries; insomnia; learning disorder; alcohol dependence, in remission; cannabis use disorder; major depressive disorder; anxiety disorder; and posttraumatic stress disorder (PTSD)." Tr. 18. The ALJ also determined that Plaintiff suffered from the non-severe impairments of "bilateral cataracts." Tr. 18. At step three, the ALJ found that Plaintiff "does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Par 404, Subpart P, Appendix 1." Tr. 18. Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> [P]erform light work as defined in 20 CFR 416.967(b) with the following exceptions: occasionally operating the left lower extremity; never climbing ladder, ropes, or scaffolds; occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; and avoiding all exposure to hazards, such as dangerous moving machinery and unprotected heights. Due to mental impairment, the claimant is limited to the following: understanding, remembering, and carrying out simple instructions; making simple work-related decisions; working at a consistent pace throughout the workday, but not at a production-rate pace, such as work on an assembly line or work involving monthly or hourly quotas; tolerating occasional interaction with coworkers, supervisors, and the public; and tolerating occasional changes in work setting.

Tr. 20–21. At step four, the ALJ found that Plaintiff had no past relevant work. Tr. 25. Finally, at step five, after referring to the hearing testimony of a vocational expert ("VE") regarding the

---

[2] As the ALJ correctly noted, Plaintiff "has previously filed Tile XVI application for disability benefits on June 30, 2008, May 20, 2009, and March 5, 2019." Tr. 15. "The claims were denied initially . . . and [Plaintiff] did not timely appeal these determinations." Tr. 15. "Since the initial denial date of the most recent prior application is within 12 months of the current application date, the undersigned has considered whether there is any reason to reopen the most recent prior application (20 CFR 416.1488). A review of the evidence shows that there is no basis for reopening the prior determinations." Tr. 15.

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 3

"the extent to which Plaintiff's limitations erode the unskilled[3] light occupational base, the ALJ determined that Plaintiff could perform the following representative occupations that existed in significant numbers in the national economy:

- Price marker (DOT[4] 209.587-034; light work; SVP[5] two; 52,000 jobs[6])
- Night cleaner (DOT 323.687-014; light work; SVP two; 133,000 jobs)
- Laundry worker (DOT 302.685-010; light work; SVP two; 129,000 jobs)
- Document preparer (DOT 249.587-018; sedentary work; SVP two; 49,000 jobs)
- Addressing clerk (DOT 209.587-010); sedentary work; SVP two; 45,000 jobs)
- Weight tester (DOT 539.485-010); sedentary work; SVP two; 36,000 jobs)

Tr. 26–27. Therefore, the ALJ concluded that Plaintiff was not disabled. Tr. 27.

### III. LEGAL STANDARD

As noted, the scope of this Court's review is limited to determining whether substantial evidence supports the ALJ's factual findings and whether the decision was reached through the application of the correct legal standards. *See Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987); *see also Britt v. Saul*, 860 F. App'x. 256, 259 (4th Cir. 2021) (citing *Mascio v. Colvin*, 780 F.3d 632, 634 (4th Cir. 2015)) ("A disability determination must be affirmed so long as the agency applied correct legal standards and the factual findings are supported by substantial evidence."). "The findings of the [ALJ] . . . as to any fact, if supported by substantial evidence, shall be

---

[3] "'Unskilled work' is a term of art, defined by regulation as 'work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time.'" *Fisher v. Barnhart*, 181 F. App'x 359, 364 n.3 (4th Cir. 2006) (quoting 20 C.F.R. § 404.1568(a)).

[4] The "DOT" is shorthand for the Dictionary of Occupational Titles. The Fourth Circuit has explained that "[t]he *Dictionary of Occupational Titles*, and its companion, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* . . . , are [SSA] resources that list occupations existing in the economy and explain some of the physical and mental requirements of those occupations. U.S. Dep't of Labor, *Dictionary of Occupational Titles* (4th ed. 1991); U.S. Dep't of Labor, *Selected Characteristics of Occupations Defined in the Revised Dictionary of Occupational Titles* (1993)." *Pearson v. Colvin*, 810 F.3d 204, 211 n.1 (4th Cir. 2015).

[5] "SVP refers to 'Specific Vocational Preparation,' which is defined as 'the amount of lapsed time required by a typical worker to learn the techniques, acquire the information, and develop the facility needed for average performance in a specific job-worker situation.'" *Lawler v. Astrue*, No. BPG-09-1614, 2011 WL 1485280, at *2 n.2 (D. Md. Apr. 19, 2011) (quoting *DOT* App'x C (4th rev. ed. 1991)).

[6] This figure refers to the number of jobs that the VE estimates is available in the national economy.

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 4

conclusive . . . ." 42 U.S.C. § 405(g).

Substantial evidence is "evidence which a reasoning mind would accept as sufficient to support a particular conclusion." *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966); *see also Biestek v. Berryhill*, 139 S.Ct. 1148, 1154 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)) ("[Substantial evidence] means—and means only—"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'"). It is "more than a mere scintilla . . . and somewhat less than a preponderance." *Laws*, 368 F.2d at 642. In conducting the "substantial evidence" inquiry, my review is limited to whether the ALJ analyzed the relevant evidence and sufficiently explained their findings and rationale in crediting the evidence. *See, e.g.*, *Sterling Smokeless Coal Co. v. Akers*, 131 F.3d 438, 439–40 (4th Cir. 1997); *DeLoatche v. Heckler*, 715 F.2d 148, 150 (4th Cir. 1983) ("Judicial review of an administrative decision is impossible without an adequate explanation of that decision by the [ALJ].").

## IV. ANALYSIS

Plaintiff raises two arguments on appeal, specifically that the ALJ erroneously: 1) evaluated medical source opinions, resulting in an RFC that is not supported by substantial evidence or logical explanation; and 2) evaluated Plaintiff's subjective symptom testimony. Pl.'s Br. 9–17, ECF 13-1. As to Plaintiff's first argument, Plaintiff contends that "inadequacies in the ALJ's evaluation of the contradictory opinion evidence in the record frustrate meaningful review." *Id.* at 12. Plaintiff claims that the ALJ "failed to provide adequate reasons bolstered by the evidence" as to why they the opinions of Kalvin J. Wiley, M.D., S. K. Najar, M.D., and vascular surgeon, Yuxuan Jerry Wang, M.D., were discounted. *Id.*

Defendant counters that "the ALJ properly carried out her duty, in compliance with the regulations and relevant SSRs [Social Security Rulings], to properly evaluate the opinions of Dr. Wang, Dr. Najar, and Dr. Wiley and adequately support the RFC." Def.'s Br. 8, ECF 16-1. Defendant summarizes the ALJ's reasoning for discounting "the opinions of Dr. Wang (unpersuasive), Dr. Najar (partially persuasive-less persuasive), and Dr. Wiley's (somewhat unpersuasive)" and avers that the ALJ considered the record and the "two most important factors enumerated in the regulations." *Id.* at 14. Plaintiff retorted that Defendant "merely reassert[ed] the ALJ's analysis as an argument that the ALJ properly evaluated" the discounted medical opinions. Pl.'s Reply 2, ECF 17.

Before turning to Plaintiff's first argument, the Court begins its analysis by looking to the ALJ's RFC determination. The ALJ found Plaintiff capable of performing "light work as defined by 20 CFR 416.967(b)" with certain exertional exceptions. Tr. 20–21. Said regulation defines "light work" as "lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds." 20 C.F.R. § 416.967(b). "Even though the weight lifted may be very little, a job is in this category when it requires a **good deal of walking or standing**, *or* when it involves sitting most of the time with **some pushing and pulling** of arm or **leg controls**." *Id.* (emphasis added). "To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities." *Id.* The ALJ determined that Plaintiff has the ability to do substantially all of the activities associated with light work except:

Case 1:21-cv-02014-BAH   Document 18   Filed 08/19/22   Page 5 of 8

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 5

"occasionally operating the left lower extremity; never climbing ladder, ropes, or scaffolds; occasionally climbing ramps or stairs, balancing, stooping, kneeling, crouching, or crawling; and avoiding all exposure to hazards, such as dangerous moving machinery and unprotected heights." Tr. 20–21.

In reaching this physical RFC determination, the ALJ referenced Plaintiff's hearing testimony and medical record, noting that, "[t]he record shows that [Plaintiff] has significant congenital musculoskeletal deformity, substance use disorders, learning disorder, and mental disorders, but the medical history does not reflect that these impairments have been as severe as alleged." Tr. 22. The ALJ found that Plaintiff's "statements concerning the intensity, persistence, and limited effects of these symptoms are not entirely consistent with the medical evidence and other evidence in the record for the reasons explained in this decision." Tr. 22. To support this claim, the ALJ noted that "[t]he December 2019 bilateral foot x-ray revealed no significant changes to the left foor since the February x-ray[.]" Tr. 22 (citing Dr. Wang's Johns Hopkins Medicine Hospital Records, dated 09/25/2019 to 12/26/2019, Tr. 342–53). This was followed by reference to Dr. Wiley's July 16, 2019, medical consultative examination, which the ALJ construed as evidence that Plaintiff's musculoskeletal abnormalities are not as severe as Plaintiff alleges. Tr. 22 (citing Tr. 328–30). The ALJ then stated that, "[t]he radiography indicating no foot deformity progression and normal physical examination findings at most medical appointments other than the consultative examination support that the claimant could perform light exertional work with some use of the left leg and occasional postural activities." Tr. 23. The ALJ concluded their symptom analysis as follows:

> [Plaintiff] or treatment medical professionals have made statements that treatments have been effective, symptoms are minimal, or [Plaintiff] has improved functionality, which conflicts with his allegations of unduly limiting medical impairments. While [Plaintiff] alleged foot pain with difficulties in walking, he also testified that he does not use a cane or walker. The left foot has been assessed to have reached near-full surgically correct alignment (Ex. 5F). In December 2019 consultation for foot pain, a vascular surgeon assessed that [Plaintiff] was doing fairly well (Ex. 10F).

Tr. 23 (citing Tr. 328–30; Tr. 342–53).

The ALJ then evaluated the opinion evidence in the record. Here, the Court first considers whether the ALJ applied the correct regulatory framework for evaluating medical source opinions. Since the SSI claim in this case was filed on August 19, 2019, the ALJ needed to consider and articulate medical opinions and prior administrative medical findings pursuant to 20 C.F.R. § 416.920c, which governs claims filed on or after March 27, 2017. *See, e.g.*, *Leonard Marcus H. v. Saul*, No, TMD-19-3465, 2021 WL 1087081, at *5 (D. Md. Mar. 22, 2021) (citing 20 C.F.R. § 416.920c(b)(2), (c)) ("The [ALJ] considers medical opinions using five factors: (1) supportability; (2) consistency; (3) the medical source's relationship with the claimant; (4) the medical source's specialization; and (5) other factors, such as the medical source's familiarity with the other evidence in the claim or understanding of the disability program's policies and evidentiary requirements."). Of the five listed factors, "[t]he first two factors, supportability and consistency,

Case 1:21-cv-02014-BAH   Document 18   Filed 08/19/22   Page 6 of 8

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 6

are the most important in determining the persuasiveness of a medical source's opinion, and the [ALJ] is not required to explain the consideration of the other three factors." *Id.*; *see also* 20 C.F.R. § 916.920c(a). Supportability is explained as, "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be." 20 C.F.R. § 916.920c(c)(1). As for consistency, "[t]he more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be." 20 C.F.R. § 916.920c(c)(2).

The ALJ began the RFC analysis by correctly "consider[ing] the medical opinion(s) and prior administrative finding(s) in accordance with the requirements of 20 C.F.R. § 416.920c." Tr. 21. In evaluating the medical opinions in this case, the ALJ did "not defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or medical opinion(s), including those from medical sources." Tr. 24. Though 20 C.F.R. § 416.920c(a) is not explicitly cited, the ALJ identified the correct regulatory framework for reviewing Plaintiff's medical opinions. Tr. 24–25. Thus, the issue becomes whether the ALJ adequately articulated their consideration of the opinions of Dr. Wang, Dr. Wiley, and Dr. Najar according to this framework, namely as to the two "most important factors": supportability and consistency.

Plaintiff avers that the ALJ improperly discounted the opinions of Dr. Wang and the state agency reviewers, including Dr. Najar, which found that Plaintiff was limited to standing or walking for two hours per workday. Pl.'s Br. 12, ECF 13-1. Plaintiff asserts that the ALJ "substituted her lay opinion of the objective x-ray results" in finding that Plaintiff could perform work that involved standing while Dr. Wang opined that Plaintiff "was limited to seated work." *Id.* at 13. Similarly, Plaintiff claims that the ALJ "impermissibly 'reinterpreted' Dr. Wiley's clinical findings and arrived at a different result than Dr. Wiley." *Id.* at 15 (citing *Cynthia C. v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-20-2710, 2021 WL 4342035, *2 (D. Md. Sept. 22, 2021)). "The reviewers' opinions that [Plaintiff] cannot engage in prolonged standing and walking are consistent with the opinions of Drs. Wiley and Wang (*compare* Tr. 74-76, 79, 93-95, 98 *with* Tr. 329, 344, 432, 451)." Pl.'s Br. 15, ECF 13-1.

The Fourth Circuit has held that "[a]n ALJ may not substitute his own lay opinion for a medical expert's when evaluating the significance of clinical findings." *Arakas v. Comm'r, Soc. Sec. Admin.*, 983 F.3d 83, 108 (4th Cir. 2020) (holding that the ALJ erroneously contradicted a medical source's interpretation of a cervical MRI); *see also Wilson v. Heckler*, 743 F.2d 218, 221 (4th Cir. 1984) ("An ALJ may not substitute his own lay opinion for a medical expert's when evaluating the significance of clinical findings."). This Court has applied this rule on numerous occasions. *See, e.g.*, *Cynthia C.*, 2021 WL 4342035, *2 (finding that the ALJ improperly "reinterpreted" records that state agency consultants cited in recommending light work and "arrived at a different result based upon her review of Plaintiff's treatment notes and her own belief, apparently, that Plaintiff was able to lift up to 50 pounds despite her medical conditions" such that Plaintiff could perform medium work); *but see Linda H. v. Kijakazi*, Civil Action No.

Case 1:21-cv-02014-BAH   Document 18   Filed 08/19/22   Page 7 of 8

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 7

ADC-21-2945, 2022 WL 2668437, at *6 (D. Md. Jul. 11, 2022) (finding that the ALJ properly considered a medical source opinion by citing specific evidence in the record to show that the opinion was not supported by nor was consistent with more persuasive opinions in the record); *Deborah T. v. Kijakazi*, Civil No. BPG-21-858, 2022 WL 1714917, at *2–3 (D. Md. Jan. 14, 2022) (finding that the ALJ did not reinterpret medical imaging, but rather, "objectively and, unlike the ALJ in *Arakas*, did not attempt to draw his own conclusions").

This case is similar to *Linda H.* and *Deborah T.* Here, the ALJ found Dr. Wang's opinion unpersuasive because she disagreed "that [Plaintiff] could perform seated work, as opposed to work that involved standing." Tr. 24 (citing Tr. 425–43). The ALJ claimed that "[t]he opinion conflicts with the left foot x-ray taken at the time showing that the claimant's left foot has not deteriorated and few to no observed gait abnormalities by Dr. Wang or by medical professionals in the record as a whole." Tr. 24. The Court disagrees with Plaintiff that this constitutes an error. Far from merely substituting the ALJ's opinion for those of the medical experts, the ALJ explained how other medical professionals, like Dr. Wiley, interpreted such evidence to mean "[t]he left foot has been assessed to have reached near-full surgically correct alignment." Tr. 23 (citing Tr. 328–30). The ALJ also cited to Dr. Wang's own opinion that "claimant was doing fairly well." Tr. 23 (citing Tr. 342–53).

Furthermore, the ALJ thoroughly explained which portions of the medical opinions support the ALJ's RFC determination, not only explaining the consistency of the ALJ's own conclusions, but the consistency of the opinions themselves. Tr. 24–25. For example, the ALJ found that "[t]he observations of full range of motion in all other joints and the spine support that the claimant is capable of occasionally performing postural activities, as opposed to never squatting." Tr. 24. Then, the ALJ explained that "[t]hough it conflicts with the ultimate opinion Dr. Wiley submitted, the undersigned highlights Dr. Wiley['s] general statement in the consultative report that the alleged severity of the claimant's conditions appear out of proportion to the clinical data and consultative examination." Tr. 24.

Moreover, after explaining which portions of the state agency medical consultants' opinions they found persuasive, including that of Dr. Najar, the ALJ concluded that "[t]he record as a whole does not reveal sufficient observations of gait abnormalities to warrant a restriction to standing or walking 2 hours total per workday, so those portions of the physical assessments are less persuasive." Tr. 25. In sum, the ALJ concluded that the RFC, "which is supported by the psychological and medical consultative examinations, other objective evidence showing less limiting impairments than alleged, evidence of minimal or noncompliant treatment, some statements indicating improved symptoms, and the sparse medical record overall." Tr. 25.

Defendant contends that "[t]he only specific limitation Plaintiff challenges involves his ability to stand and walk due to his left club foot" and that "Plaintiff has failed to show that additional work-related limitations were warranted." Def.'s Br. 6, ECF 16-1. Plaintiff counters that that "[h]ad the ALJ properly limited [Plaintiff] to sedentary work in keeping with the unanimous opinions, a disability finding would have followed under a nonmechanical application of Medical Vocational Guideline ('GRID') Rules 201.09." Pl.'s Br. 16, ECF 13-1. Therefore, if the ALJ determined that Plaintiff was limited to sedentary work due his proximity to being a person

*Casey S. v. Kilolo Kijakazi, Acting Commissioner, Social Security Administration*
Civil No. 21-2014-BAH
August 19, 2022
Page 8

approaching advanced age, there is a chance that the Grid Rules would have dictated a finding of "disabled." *See* 20 C.F.R. § 416.963(a)–(d); Part 404, Subpart P, App'x 2. Plaintiff is incorrect. The medical opinions did not unanimously find that Plaintiff was limited to sedentary work, and as explained above, the Court finds that the ALJ's RFC determination is supported by substantial evidence. The Court also notes that, "to the extent that Claimant contends the ALJ did not adopt an RFC assessment endorsed by his treating physicians . . . , it is also clear that the RFC assessment lies squarely with the ALJ, not with any medical provider/examiner." *Jones v. Saul*, No. 2:20-CV-00437, 2021 WL 1015821, at *14 (S.D.W. Va. Feb. 23, 2021), *report and recommendation adopted*, No. 2:20-CV-00437, 2021 WL 1015896 (S.D.W. Va. Mar. 16, 2021) (citing 20 C.F.R. § 404.1546(c); *Felton-Miller v. Astrue*, 459 F. App'x 226, 230–31 (4th Cir. 2011) ("The ALJ was not required to obtain an expert medical opinion as to [the] RFC.")). Accordingly, Plaintiff's first argument fails.

Similarly, Plaintiff's second argument that the ALJ failed to properly evaluate Plaintiff's subjective symptom testimony also lacks merit. As explained above, the ALJ thoroughly explained which portions of the record they found consistent. The ALJ adequately summarized Plaintiff's testimony from the hearing at the beginning of the RFC assessment. Tr. 22. Then, the ALJ adequately explained why Plaintiff's testimony is not consistent with the record as a whole. Tr. 23–25. As this Court recently stated, the ALJ in this case "considered a multitude of evidence to determine how intense, persistent, and limiting [the plaintiff's medically determinable impairments] are." *Dinah N. v. Kijakazi*, Civil No. TJS-21-2038, 2022 WL 3139812, at *3 (D. Md. Aug. 5, 2022). Therefore, "the Court will not reweigh the evidence to reach its own conclusions about [a plaintiff's] functional limitations." *Id.* As such, the Court also rejects Plaintiff's second argument.

In sum, the Court is satisfied that the ALJ applied the correct legal standards and supported their conclusions with substantial evidence.

### V. **CONCLUSION**

For the reasons set forth herein, Plaintiff's motion for summary judgment, ECF 13, is DENIED and Defendant's motion for summary judgment, ECF 16, is GRANTED. Pursuant to sentence four of 42 U.S.C. § 405(g), the SSA's judgment is AFFIRMED. The clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as a Memorandum Opinion. A separate implementing Order follows.

Sincerely,

/s/

Brendan A. Hurson
United States Magistrate Judge